PUBLIC SERVICE ELECTRIC COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND THE CITY OF PLAINFIELD, RESPONDENTS.

Argued June 4, 1914—Decided March 27, 1915.

1. The promisor is excused from performance of a contract, lawful when made, when its performance is subsequently made unlawful.

2. The city of P. passed an ordinance allowing a public utility company the privilege of placing and maintaining poles and wires upon certain streets in said city. Subsequently a contract, in writing, under seal was entered into between the company and the city, reciting that it was understood between them before the passage of the ordinance and in consideration thereof, that the company, its successors and assigns, while it should continue to use said streets, would light by electricity, free of charge, certain municipal buildings, offices, &c. *Held,* that such a contract is the giving of an undue or unreasonable preference or advantage under subdivision (*d*) of section 18 of the act relating to public utilities (*Pamph. L.* 1911, *p.* 381), and the order of the board of public utility commissioners, enforcing such contract, is set aside.

3. The board of public utility commissioners, by the statute creating the commission, has the power to enforce certain legal obligations, but the language is not broad enough to confer on the board the power to enforce specific performance of contracts.

On *certiorari*.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Frank Bergen.*

For the city of Plainfield, *Charles A. Reed.*

For the board of public utility commissioners, *Frank H. Sommer.*

The opinion of the court was delivered by

KALISCH, J.    The facts before us show that by an ordinance approved July 12th, 1898, the city of Plainfield designated certain streets in said city on which the predecessor of

FEBRUARY TERM, 1915. 129

*87 N. J. L.*    Pub. Serv. Elec. Co. v. Pub. Utility Com'rs.

the prosecutor, the "Plainfield Gas and Electric Light Company," might place and maintain poles and wires and also indicating in the manner in which the poles should be placed for the distribution of electricity. That, subsequently, on the 28th day of November, 1898, a contract, in writing, under seal, was entered into between the company and the city which recites in substance that it was understood between them, before the passage of the ordinance, and in consideration thereof, that the company should enter into the contract for the benefit of the inhabitants of the city of Plainfield, and all persons residing therein, and which in substance provided that in consideration of the passage and approval of the ordinance and of the sum of one dollar paid by the city of Plainfield to the company, the company agrees and covenants to and with the city that the company, its successors or assigns, will at all times hereafter, while said company, its successors or assigns, shall continue to use any of the streets of the city, or any of the subways thereof, light by electricity, free of charge, certain municipal buildings, offices and rooms owned or occupied by the city officers, or that may hereafter be owned or occupied for city purposes. That from 1898 until 1913 the company and its successor carried out the terms of the contract.

On the 8th day of December, 1913, the prosecutor notified the city, in writing, that it could not lawfully continue free lighting of the public buildings and that it would discontinue the same on and after February 1st, 1914.

Thereupon, the city appealed to the board of public utility commissioners, which board, after a hearing, made an order directing the prosecutor to conform to the duties imposed on it by the contract and to furnish free of charge to the city of Plainfield such service as the agreement referred to provides and shall be furnished by it to the said city.

It is this order which the prosecutor seeks to set aside.

The prosecutor rests its act on subdivision (*d*) of section 18 of the act of 1911, concerning public utilities (*Pamph. L.* 1911, *p.* 381), which forbids the making or giving, directly or indirectly, any undue or unreasonable preference or advantage to any corporation or to any locality; and upon an act

130 NEW JERSEY SUPREME COURT.

Pub. Serv. Elec. Co. v. Pub. Utility Com'rs.    87 N. J. L.

entitled "A further supplement to the act entitled 'An act for the punishment of crimes' (Revision of 1898)," *Pamph. L.* 1913, *p.* 27, which in express terms denounces, *inter alia,* as a misdemeanor for any corporation or association engaged in the production, manufacture, distribution or sale of any commodity of general use, or rendering any service to the public to discriminate between communities or cities of the state, by selling such commodity or rendering such service at a lower rate in one section, community or city than another, &c.

Whether or not this act is applicable to the case under consideration is wholly unimportant, and therefore it is not considered and no opinion is expressed thereon.

We think, however, that the Public Utilities act in forbidding discrimination made the performance of this contract unlawful, and that, therefore, the prosecutor could not continue to perform the contract without being guilty of a violation of that statute. Thus we have the case of a contract lawful when made, the performance of which subsequently became unlawful. It is perfectly well settled that the effect of this is to excuse the promisor from performance. *Poll. Cont.* (*4th ed.*) 406; *Pom. Cont.* 280 (*Specific Performance*); *Pars. Cont.* (*6th ed.*) 675; *Louisville and N. R. Co.* v. *Motley,* 219 *U. S.* 485.

For the city of Plainfield it is contended that subdivision (*d*) of section 18 of the act relating to public utilities is not applicable to the case at hand because it relates only to cases where it appears that there is undue or unreasonable preference or advantage given and that there is no evidence that the preference or advantage given is either undue or unreasonable. That in order to determine whether or not an undue or unreasonable preference or advantage was made in any given case, it would be necessary to show by evidence all the attendant facts and circumstances.

This contention clearly ignores the spirit of this legislation. One of its objects was to abrogate the granting of gratuities to municipalities and thereby prevent reciprocal favors from being granted to the donors.

The evil sought to be eradicated was the insidious influence which might be exercised on municipal bodies and officers against the general public welfare, by the donors of such gratuities. Therefore, where it appears, as it does in this case, that the gratuity granted by the predecessor of the prosecutor to the city of Plainfield to light all its public buildings, offices and rooms free of charge forever, because it had received the privilege of placing and maintaining its poles and wires in the streets and subways of the city of Plainfield, no other evidence is required or necessary than is furnished by the contract to demonstrate that the preference or advantage given by the contract is undue and unreasonable and within the inhibition of the Public Utilities act.

The fact that there was such undue and unreasonable preference or advantage given is sufficient basis to set aside the order made by the public utilities commissioners.

There appears to be, however, another equally valid ground for setting it aside. The board of public utilities commissioners, by the statute creating the commission, has the power to enforce certain legal obligations of the prosecutor, but the language is not broad enough to confer on the board the power to enforce specific performance of contracts. This order made directs the specific performance of the contract between the parties.

What would be the legal effect of the statute if it were broad enough to confer such a power on the board need not now be considered. Nor is it necessary to consider whether the board would have had the power to enforce the contractual relation if it had existed in the ordinance.

The order will be set aside.